GEORGE PHELPS, Appellant, v. THE DISTRICT TOWNSHIP OF SUMMIT et al.

School Districts, Contracts with: RATE OF INTEREST. School orders can not draw more than six per cent. interest. Where they are issued bearing ten per cent., and payments are made on them, and the balance due is renewed at six per cent., the sum due is to be found by computing the original principal sum at six per cent. and subtracting all payments made.

*Appeal from O'Brien District Court.*—HON. SCOTT M. LADD, Judge.

MONDAY, JANUARY 29, 1894.

ACTION to recover the balance alleged to be due on two school district orders. The defendants answered the petition. There was a demurrer to the answer, which was sustained. The plaintiff excepted to the ruling on the demurrer, and judgment was rendered as prayed in the answer. Plaintiff appeals.—*Affirmed.*

*Ernest C. Herrick* for appellant.

*J. L. E. Peck* for appellees.

ROTHROCK, J.—The facts set up in the answer are, in substance, as follows: In the year 1875 the board of directors of the district township of Summit invited bids for the erection of a schoolhouse by a notice to contractors, which was in these words:

### NOTICE TO CONTRACTORS.

"Notice is hereby given that proposals for the erection of a schoolhouse in district township of Summit, in the county of O'Brien, will be received by A. J. Edwards at the auditor's office in Primghar, where plans and specifications may be seen until 1 o'clock P. M., May 20, 1875, at which time the contract will be awarded to the lowest responsible bidder; the board reserving the right to reject any and all bids.

"JOHN F. HOLLIBAUGH,

"Sec. Dist. Tp. Summit."

The contract for the building of the schoolhouse was let to Stewart & Stevenson in pursuance of the above notice, and a written contract was entered into between the directors and the contractors by which it was stipulated that the school district orders to be issued for the erection of the schoolhouse should bear interest at the rate of ten per cent. per annum from the date of said orders. The orders issued to the contractors were in compliance with the contract and provided for the payment of interest at ten per cent. per annum. Payments were made, from time to time, on these warrants, until 1885, when the orders first issued were taken up, and the orders upon which this suit was brought were issued for the balance due for building the schoolhouse. The orders last issued provided for interest at the rate of six per cent. per annum. The defendants claim that the

contract to pay interest at the rate of ten per cent. on the original orders was void, so far as it related to the rate of interest, and that, in computing the amount due on the renewal orders, no more than six per cent. interest should be computed on both sets of orders from the beginning.

The question for determination is whether, under the foregoing facts, the board of directors had power to contract for interest at ten per cent. per annum. If they had not the power to bind the district by such a contract, they could not make it valid by any subsequent act, as by a renewal, and the issuance of other warrants at a legal rate of interest. The debt remains the same, and its identity is not destroyed by the renewal orders. The payments made on the first orders should be applied in discharge of that part of the debt which was legal and valid, and to the extent to which the directors had the power to bind the district. And no question is made as to the right of the district to interpose any valid defense to these orders, which could have been made against the same in the hands of the original contractors. It is provided by section 1824 of the Code that "all school orders shall draw lawful interest after having been presented to the treasurer of the district and not paid for want of funds, which fact shall be indorsed upon the order by the treasurer." This law does not provide that the school directors may determine what rate of interest an order shall draw. It can not draw any interest until it has been presented for payment and indorsed, and after that it draws interest by operation of the statute, and not by reason of any contract. The rate of interest referred to is six per cent. per annum, as provided by section 2077 of the Code. The exception therein contained, that agreements in writing may be made for ten per cent. interest (now eight per cent.), has no application to school orders, when that section is considered in connection

with section 1824.   It may be said further, in this con-
nection, that when the directors invited contractors to
make their bids, without any mention of the rate of
interest to be paid on warrants, it is to be presumed
that bidders knew that school orders do not draw inter-
est until presentment for payment.   But further con-
sideration of the question is unnecessary.   This court
determined the precise point in the case of *Austin v.
District Tp. of Colony*, 51 Iowa, 102, 49 N. W. Rep.
1051, which was an action to recover upon warrants
issued by a school district for borrowed money.   The
warrants provided for interest at the rate of ten per
cent.   The following language is found in the opinion
in that case:   "According to the view which we have
taken of this case, while the directors had power to
borrow money to discharge a legitimate indebtedness
previously contracted, they did not have the power to
contract to pay more than six per cent. interest.   The
order sued upon was given some time after the money
was loaned, and embraces some interest at a greater
rate, as we infer, than six per cent., supposed to have
previously accrued.   The order is also made to bear ten
per cent. interest.   It appears, therefore, that it was
given for too large a sum, and that part which provides
for ten per cent. interest is, in part, invalid.   The
amount recoverable upon the order, we think, is the
sum of four hundred and ninety-five dollars, the amount
loaned, and six per cent. interest thereon from the date
of the loan."   The question in this case is precisely the
same.   It is true, the main question in that case related
to the power of the directors to borrow money, and
upon that question the court was divided; but the
question of the rate of interest was directly involved,
and upon that there was no dissent.   We see no good
reason for overruling the cited case.   The judgment of
the district court is AFFIRMED.